Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003521
07-FEB-2014
10:15 AM

NO. CAAP-13-0003521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF EUGENE IN WHAN LEE,
aka EUGENE INN WHAN LEE, aka EUGENE I.W. LEE,
aka EUGENE LEE, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 97-0602)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Petitioner-Appellant Blake Yoon's (Appellant Yoon) appeal from the Honorable Derrick H.M. Chan's August 13, 2013 "Order Denying Petition: (1) for Relief from Order Obtained by Extrinsic Fraud; (2) to Set Aside Orders re: Reappointment of Personal Representative Dated 12-21-2012; and (3) to Vacate Letters testamentary Issued on 12-24-2012 Filed May 17, 2013" (hereinafter "the August 13, 2013 interlocutory

order"), because the probate court has not yet entered a final judgment in this probate case, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) and Rule 34 of the Hawaiʻi Probate Rules (HPR) require for an appeal from a probate case.

HRS § 641-1(a) is the law that authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawaiʻi has promulgated HPR Rule 34, which generally requires the entry of a judgment for an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. <u>All formal testacy orders, orders of intestacy and determination of heirs</u>, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements <u>shall be reduced to judgment</u> and the judgment shall be filed with the clerk of the court. <u>Such judgments shall be final and immediately appealable as provided by statute</u>. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure.
>
> (b) Interlocutory Orders. In order to appeal from <u>any other order</u> prior to the conclusion of the proceeding, the order <u>must be certified for appeal in accordance with Section 641-1(b)</u> of the Hawaiʻi Revised Statutes.
>
> (c) Final Judgment Closing Proceeding. <u>At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered</u> and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawaiʻi Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, <u>see</u>, <u>e.g.</u>, <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), to bring certainty to the timing of when

-2-

and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statutes Annotated Court Rules, HPR Rule 34 cmt. (Michie 2013). Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. Furthermore, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted; emphases added).

On November 1, 2013, the probate court clerk filed the record on appeal for appellate court case number CAAP-13-0003521 without any appealable final judgment in the record on appeal. In the absence of a final judgment that adjudicates all issues in this probate proceeding, we lack appellate jurisdiction to review any of the interlocutory orders such as the August 13, 2013 interlocutory order that the probate court has entered thus far.

Granted, the August 13, 2013 interlocutory order resolves Appellant Yoon's petition, purportedly pursuant to HPR Rule 36(b). We note that HPR Rule 36(b) is very similar to Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP), which authorizes relief from a final judgment or order, and the Supreme Court of Hawai'i has held that "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citation omitted). However, an order denying a motion for post-judgment relief under HRCP Rule 60(b) is appealable only when it ends a post-judgment proceeding, which is not unique, because any "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i at 157, 80 P.3d at 978 (citation omitted). With respect to the finality requirement for an appeal from a final order under HRS § 641-1(a), "an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Cho v. State, 115 Hawai'i 373, 383, 168 P.3d 17, 27 (2007) (citation and internal quotation marks omitted). Where, as here, the trial court has not yet entered a final judgment, the trial court retains the matter for possible further action and "the trial court has inherent power to reconsider interlocutory orders." Id. "[A] motion for reconsideration pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Id. at 382, 168 P.3d at 26 (internal quotation marks

-4-

omitted). The probate court has not yet entered a final judgment in this probate proceeding pursuant to HPR Rule 34.

In the absence of a final judgment pursuant to HPR Rule 34, there is no such thing as a post-judgment order, much less an appealable post-judgment order. The August 13, 2013 interlocutory order is a pre-judgment interlocutory order that will be eligible for appellate review only when and if an aggrieved party asserts a timely appeal from a future final judgment that the probate court enters pursuant to HPR Rule 34. Cf. Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." (Citation and internal quotation marks omitted)). Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Yoon's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0003521 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **February 7, 2014.**

Presiding Judge

Associate Judge

Associate Judge

-5-